**Clirim CAPA, Rudina Capa, Kelsi Capa, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General,[1] Respondent.**

**No. 07–3830–ag.**

United States Court of Appeals, Second Circuit.

April 18, 2008.

Andrew P. Johnson, New York, NY, for Petitioners.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Jeffrey J. Bernstein, Senior Litigation Counsel, Nairi M. Simonian, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, District of Columbia, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. PETER W. HALL, Hon. DEBRA ANN LIVINGSTON, Circuit Judges.

### SUMMARY ORDER

Petitioners Clirim, Rudina, and Kelsi Capa, natives and citizens of Albania, seek review of the August 9, 2007 order of the BIA affirming the January 23, 2006 decision of Immigration Judge ("IJ") Paul A. DeFonzo, denying Clirim Capa's application for asylum and withholding of removal.[2] *In re Clirim Capa, et al.,* Nos. A95 369 106/107/108 (B.I.A. Aug. 9, 2007), *aff'g* Nos. A95 369 106/107/108 (Immig. Ct. N.Y. City Jan. 23, 2006). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA does not expressly "adopt" the IJ's decision, but its brief opinion closely tracks the IJ's reasoning, we may consider both the IJ's and the BIA's opinions for the sake of completeness if doing so does not affect our ultimate conclusion. *Wangchuck v. Dep't of Homeland Sec.,* 448 F.3d 524, 528 (2d Cir.2006). We review *de novo* questions of law and the application of law to undisputed fact. *See Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). We review the agency's factual findings under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Dong Gao v. BIA,* 482 F.3d 122, 126 (2d Cir.2007).

As a preliminary matter, we dismiss Capa's petition for review to the extent he seeks relief under the Convention Against Torture because he failed to exhaust that claim before the agency. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

Regarding the agency's denial of asylum and withholding of removal, we conclude that substantial evidence supports the IJ's finding that while Capa demonstrated past persecution, the presumption that he would face persecution in Albania was rebutted by the fact that the Democratic Party returned to power through general

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as the respondent in this case.

**2.** Because Clirim Capa was the primary applicant for relief before the agency, we will refer to him alone for the remainder of this order.

elections in July 2005. *See* 8 C.F.R. § 1208.13(b)(1); *see also Hoxhallari v. Gonzales,* 468 F.3d 179, 188 (2d Cir.2006); *Qyteza v. Gonzales,* 437 F.3d 224, 228 n. 2 (2d Cir.2006). Despite Capa's arguments to the contrary, the record does not suggest that the IJ failed to take into account any of the evidence he submitted, *see Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 337 n. 17 (2d Cir.2006) (noting that "we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise"), or that the IJ gave such evidence insufficient weight, *see id.* at 342 (noting that the weight afforded evidence in immigration cases "lie[s] largely in the discretion of the IJ"). Accordingly, we find that the denial of Capa's asylum claim was not improper.

As Capa was unable to show the objective likelihood of persecution needed to make out an asylum claim, he was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal. *See Paul v. Gonzales,* 444 F.3d 148, 155–56 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).